## Nall, et al. v. Hartford, et al.

(Decided October 31, 1924.)

### Appeal from Daviess Circuit Court.

Bills and Notes—Indorser Held Not to have Waived Protest and Notice.—That indorser told makers of notes after negotiation, but probably before any of them became due, that he would take back land sold and pay off notes if he could raise money, which he was unable to do, was insufficient to constitute waiver of protest and notice.

E. B. ANDERSON for appellants.

T. F. BIRKHEAD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellants are holders, in due course, of nine negotiable promissory notes, secured by a lien on real estate. Appellee C. F. Hartford is the payee in each of the notes, and an indorser thereof. The first note became due March 1, 1921, and not having been paid by the makers, appellants, under a precipitation clause contained in each note, sued the makers and recovered judgments against them for the aggregate of all the notes, and had the land sold in satisfaction thereof. This left a total of about $1,750.00 due appellants, and executions on these judgments against the makers of the notes were returned "No property found." Although they had failed to protest the notes and give notice thereof to the indorser, they then instituted this action in equity to recover of him the unpaid balance due upon the several notes, and to set aside several deeds alleged to have been made by him to defraud his creditors.

Waiving the question of misjoinder, he filed demurrers to the petition and amendments thereto which were sustained until an amendment was filed alleging a promise made to the holders in July, 1921, as a waiver of protest and notice. Issue was joined upon this single fact with reference to the indorser's liability for the unpaid portions of the several notes, and upon a trial of that issue by the chancellor the petition was dismissed, and the plaintiffs have appealed.

No testimony whatever was offered to sustain the alleged waiver of protest and notice, but we are asked to reverse the judgment upon the theory that other promises

to the makers disclosed by the evidence constitute such a waiver. Even this evidence, however, in our judgment, fails to establish unequivocal words and acts by the indorser showing that he regarded his liability as such to be absolute and not dependent upon the proper presentment for payment and notice of the dishonor of the notes, or that he ever promised unconditionally to assume responsibility for the payment of the notes, or that there was any agreement between the holders and the indorser of the notes before maturity for an extension of time of payment thereof, which, if proven, would have constituted a waiver of demand and notice by the indorser, according to the text, 3 R. C. L., section 409, relied upon by appellants.

The most that can be said for the evidence is, that it shows the indorser told the makers of the notes, after their negotiation but probably before any of them became due, that he would take the land back and pay off the notes if he could raise the money, which he was unable to do.

This, obviously, was not such an unequivocal promise or conduct as would constitute a waiver, and besides, as before stated, it was not the conduct or promise pleaded as a waiver.

Wherefore, the judgment is affirmed.